IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

DAVID REIS,

       Plaintiff,

vs.

DEPARTMENT OF NATURAL
RESOURCES,

       Defendant.

No. C12-2068-LRR

**ORDER**

The matter before the court is a letter and some other documents which the clerk's office correctly construed as a "motion for an extension of time." The clerk's office filed such motion on September 27, 2012. The plaintiff submits neither the filing fee nor an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Further, the motion submitted by the plaintiff does not comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 3 (indicating a civil action is commenced by filing a complaint); *see also* Fed. R. Civ. P. 8 (addressing general rules of pleading). Accordingly, the motion for extension of time is denied.

Although the plaintiff did not properly commence an action, the court deems it appropriate to make several observations. First, the administrative release submitted with the motion for extension of time indicates that David Reis "has the right to commence an action in state district court . . . within ninety (90) days of the issue date 6/29/12." This is consistent with 42 U.S.C. § 2000e-5(f)(1), which provides that a claimant has ninety

days after receiving notice of their right to sue to file a civil action.[1] Similarly, a plaintiff that alleges violations of Chapter 216 of the ICRA has ninety days to file a lawsuit from the date he or she receives a release. *See* Iowa Code § 216.16(4). A claim that is not brought within ninety days is barred. *See Williams v. Thomson Corp.*, 383 F.3d 789, 790-91 (8th Cir. 2004) (stating that claims are untimely unless filed within 90 days of right to sue letter) (citing 42 U.S.C. § 2000e-5(f)(1)). Second, it appears that David Reis waited until nearly the entire ninety day period passed to contact the court,[2] and he does not explain what prevented him from acting prior to September 27, 2012, which is the last date that he could commence an action, or why he needs a full year to consider his options. So, it appears that equitable tolling is not warranted. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) (holding that plaintiff "who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence").

Having made those observations and having considered the documents that David Reis included with his letter, the court concludes that it is appropriate to afford David Reis

---

[1] The screening data analysis and case determination document that David Reis submitted references Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134.
> Congress intended Title II to be consistent with section 504 of the Rehabilitation Act[, 29 U.S.C. § 794(a)]. This desire for consistency is evident from the ADA statutory scheme itself. Enforcement remedies, procedures and rights under Title II are the same as under section 504. *See* 42 U.S.C. § 12133[ ("The remedies, procedures, and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. § 794a) shall be the remedies, procedures and rights this title provides to any person alleging discrimination on the basis of disability in violation of section 202 (42 U.S.C. § 12132).").

*Pottgen v. Missouri State High Sch. Activities Ass'n*, 40 F.3d 926, 930 (8th Cir. 1994). And, 29 U.S.C. § 794a relies on the application of 42 U.S.C. § 2000e-5(f).

[2] The letter is dated 5-23-2012, which the court assumes is 9-23-2012, and the envelope is postmarked September 24, 2012.

an opportunity to submit a complaint that complies with the Federal Rules of Civil Procedure and either the $350.00 filing fee or a proper application to proceed in forma pauperis. In he intends to pursue an action against the Department of Natural Resources in this court, David Reis is directed to file a complaint and either the $350.00 filing fee or a proper application to proceed in forma pauperis by no later than October 12, 2012. No further extension of this deadline will be granted. If David Reis does not comply with this order, the clerk's office is directed to dismiss this case. *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).

**IT IS SO ORDERED**.

**DATED** this 28th day of September, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA